IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
(NEW ALBANY DIVISION)

SAMANTHA BURTON                                                                    PLAINTIFF
312 Greenway Drive
Scottsburg, Indiana 47170

v.

JOHN JONES CHEVROLET BUICK                                         DEFENDANT
OF SCOTTSBURG, INC.
1351 W. Hwy. 56
P.O. Box 800
Scottsburg, Indiana 47170

      SERVE:    John E. Jones
                          2270 Aurora Drive
                          Salem, IN 47167
                          (BY CERTIFIED MAIL)

\*\* \*\* \*\* \*\*

## VERIFIED COMPLAINT

Comes the Plaintiff, Samantha Burton, and for her Verified Complaint against the Defendant, John Jones Chevrolet Buick of Scottsburg, Inc. ("Jones"), states as follows:

### I. PRELIMINARY STATEMENT

1. This is an action for violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C §1681 et seq. arising out of Jones' unauthorized access of Plaintiff's Equifax and Trans Union credit reports.

### II. PARTIES

2. Plaintiff, Samantha Burton, is a citizen of the State of Indiana residing at 312 Greenway Drive, Scottsburg, Indiana 47170.

3. Plaintiff is a "consumer" as that term is defined by the FCRA 15 U.S.C. §1681a(c).

4. Defendant, Jones, is an Indiana corporation with its principal place of business at 1351 W. Hwy 56, P.O. Box 800, Scottsburg, Indiana 47170.

5. Jones is a "furnisher of information" as that term is defined by the FCRA, 15 U.S.C. §1681s-2(b).

## III. JURISDICTION

6. This Court has jurisdiction over this action: (1) pursuant to 28 U.S.C. §1331; (2) pursuant to the FCRA, 15 U.S.C. §1681(p); and (3) because the transactions and occurrences giving rise to this action occurred in Scott County, Indiana as a result of the Defendant's doing business in Scott County, Indiana.

## IV. FACTUAL BACKGROUND

7. On February 17, 2023, Plaintiff entered the Jones dealership in Scottsburg, Indiana to shop for a vehicle. Soon after arriving at Jones, Plaintiff was approached by Dustin Yocum, a "sales consultant" at Jones. Plaintiff advised Mr. Yocum that she was interested in potentially purchasing a vehicle, but that Jones did not have Plaintiff's permission to access her credit history.

8. Later that day, while still at the Jones dealership, Plaintiff received alerts on her cell phone from Credit Karma advising Plaintiff that Jones was accessing her Equifax and Trans Union credit reports – **while Plaintiff was still present at the Jones dealership** - despite Plaintiff's clear directive to Mr. Yocum that Jones was not to access Plaintiff's credit history for any reason.

9. Plaintiff later accessed her Equifax and Trans Union credit reports and confirmed that Jones shopped Plaintiff's identifying information to multiple potential lenders, all of whom accessed Plaintiff's credit history without Plaintiff's permission or authorization

10. In addition to causing Plaintiff to suffer emotional distress and embarrassment, Jones' violation of the FCRA caused Plaintiff's credit score to decrease affecting Plaintiff's ability to obtain credit.

## V. CLAIMS

### Negligent Violation of the FCRA

11. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 10 as if fully set forth herein.

12. In accessing Plaintiff's credit reports without Plaintiff's verbal or written permission, Jones obtained Plaintiff's credit information without Plaintiff's authorization in violation of 15 U.S.C. § 1681b(f) and without a permissible purpose in violation of 15 U.S.C. § 1681b.

13. Jones' violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. § 1681o, for which Jones is liable to Plaintiff for statutory and compensatory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the FCRA

14. Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 13 as if fully set forth herein.

15. In accessing Plaintiff's credit reports without Plaintiff's verbal or written permission, and despite Plaintiff's clear directive to Jones that Jones did not have Plaintiff's permission to access her credit reports, Jones obtained Plaintiff's credit information without Plaintiff's authorization in violation of 15 U.S.C. § 1681b(f) and without a permissible purpose in violation of 15 U.S.C. § 1681b.

16. Jones' violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. § 1681n, for which Jones is liable to Plaintiff for statutory, compensatory, and punitive damages, and for Plaintiff's attorney's fees.

WHEREFORE, Plaintiff, Samantha Burton, respectfully demands the following:

A. Trial by jury on all issues so triable;

B. An award of all damages to which Plaintiff is entitled, including all compensatory, consequential, statutory, actual, and punitive damages as allowed by law;

C. An award of Plaintiff's costs and attorneys' fees;

D. Deletion of Jones' unauthorized credit inquiries from Plaintiff's Trans Union and Equifax credit reports;

E. An award of all pre- and post-judgment interest at the maximum allowable rate; and,

F. Any and all other relief to which Plaintiff may be entitled.


Respectfully submitted,


/s/David W. Hemminger
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
331 Townepark Circle, Ste. 100-C
Louisville, Kentucky 40243
Phone, (502) 443-1060
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## **VERIFICATION**

I, Samantha Burton, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

*Samantha A. Burton*
Samantha Burton

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY | ) |
| | ) SS |
| COUNTY OF DAVIESS | ) |

Subscribed, sworn to and acknowledged before me by Louvinia Thomas this ___ day of _____, 2021.

_____
Notary Public

Commission expires:_____